Argued and submitted January 13, affirmed April 5, 1982

In the Matter of the Compensation of
Ronny L. Dozier, Claimant.
EMPLOYERS INSURANCE OF WAUSAU,
*Petitioner,*

*v.*

DOZIER et al,
*Respondents.*

(WCB Nos. 80-02053, 80-02054, CA A21473)

642 P2d 1190

Frank A. Moscato, Portland, argued the cause for petitioner. With him on the brief was Moscato and Meyers, Portland.

Michael Gutzler, Salem, argued the cause for respondent Ronny L. Dozier. On the brief were Gary Allen and Allen & Vick, Salem.

Emil Berg, Portland, argued the cause for respondent Brooks-Scanlon, Inc. With him on the brief was Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

Based upon our de novo examination of this record we reach the following conclusions:

■ (1) Wausau's contention that it cannot be held responsible for the claim because claimant did not request a hearing within 60 days after a November 15, 1979, "denial letter" cannot be sustained. The November 15, 1979, letter was written by a claims examiner for Wausau in response to claimant's attorney's request for medical information Wausau had on file. The information was forwarded along with a statement that the "claim remains in a denied status." This letter does not comply with ORS 656.262(6) (current version at ORS 656.262(7). It was not sent to claimant, it did not contain reasons for a denial, and it did not state the 60-day appeal-right language. Further, even as a denial, it was ambiguous, because it might have referred to claimant's Parkinson's disease claim denial and not his aggravation claim. In sum, as claimant's attorney states, the letter was nothing more than a routine cover letter forwarding documents to claimant's attorney at the request of that attorney. Claimant was prejudiced by the failure to comply with ORS 656.262(6) because neither claimant nor his attorney took the letter to be a denial of the aggravation claim.

■ (2) While the evidence is not undisputed, the preponderance of the medical evidence is that claimant suffered an aggravation of his previous injury while Wausau was on the risk.

■ (3) Claimant is entitled to recover against Wausau his costs and an attorney fee under ORS 656.382(2). *Hanna v. McGrew Bros. Sawmill,* 45 Or App 757, 609 P2d 422 (1980).

(4) Brooks-Scanlon is also entitled to recover its costs on appeal from Wausau.

Affirmed. Costs and attorney fee awarded to claimant, payable by Wausau. Brooks-Scanlon awarded costs from Wausau.